MATTER OF P——

In DEPORTATION Proceedings

A–8378327

*Decided by Board January 8, 1960*

Conviction—Which results in commitment under Federal Youth Corrections Act sustains deportability under second part of section 241(a)(4) of 1952 act.

Conviction which results in commitment under the Federal Youth Corrections Act possesses sufficient finality to sustain deportation charge under the second part of section 241(a)(4) which provides for the deportation of twice convicted aliens without regard to the sentence imposed. (Cf. *Matter of V*——, A–8583853, Int. Dec. No. 1005.)

CHARGE:

Order: Act of 1952—Section 241(a)(4) [8 U.S.C. 1251(a)(4)]—Convicted of two crimes (petty larceny; transporting stolen automobile).

## BEFORE THE BOARD

**Discussion:** On June 18, 1958, a special inquiry officer directed the respondent's deportation and this order became final, no appeal having been taken. The special inquiry officer reconsidered his order in the light of a subsequent decision of this Board in another case, but again directed deportation on November 6, 1959, and certified the case to us for final decision.

The respondent is a 21-year-old unmarried male, native of Russia and citizen of Belgium, who last entered the United States on October 2, 1952. Apparently he was admitted for permanent residence at that time and had not previously resided in this country. On April 7, 1957, he was convicted of petty larceny and on August 23, 1957, he was convicted of transporting a motor vehicle in interstate commerce with knowledge that it had been stolen. In connection with the latter conviction, the respondent was committed under the Federal Youth Corrections Act in accordance with 18 U.S.C. 5010(b). The sole issue to be determined is whether this latter conviction possesses the degree of finality which is necessary to support the deportation charge.

The special inquiry officer's reconsideration of the respondent's case arose from our decision in *Matter of V*——, A–8583853, Int. Dec. No. 1005, decided June 1, 1959, in which there had also been

a commitment under the Federal Youth Corrections Act. That case involved the first clause of 8 U.S.C. 1251(a)(4) relating to a single conviction. One of its requirements is a sentence to confinement (or confinement) in a prison or corrective institution for one year. On the other hand, this respondent's case is within the purview of the second clause of that statutory provision, and here there is no requirement for any sentence to confinement but only that the alien must have been "*convicted* of two crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct."

In *Matter of V* ——, *supra*, we reserved decision on the question of whether there was the required degree of finality of conviction in cases disposed of pursuant to the Federal Youth Corrections Act, but we held that the alien was not deportable under the *first* clause of 8 U.S.C. 1251(a)(4) because a sentence imposed under the Federal Youth Corrections Act, by the terms of the statute, is expressly stated to be for treatment and supervision and in lieu of the penalty of imprisonment. Since this respondent's case comes within the second clause of 8 U.S.C. 1251(a)(4), the nature and effect of the sentence is not material and the only question is whether his conviction has the degree of finality necessary to support deportation. The distinction between the first and second clauses of 8 U.S.C. 1251 (a)(4) is illustrated by our decision in *Matter of V*——, 7 I. & N. Dec. 577 (1957), in which we held that suspension of imposition of sentence does not render an alien deportable under the first clause, and our decision in *Matter of O*——, 7 I. & N. Dec. 539 (1957), where we reached a contrary conclusion in a case involving the second clause of this statutory provision.

In *Matter of O*——, *supra*, we discussed the various categories of convictions and concluded that under the second clause of 8 U.S.C. 1251(a)(4) a conviction is "final" if it resulted in suspension of the execution of sentence or in suspension of the imposition of sentence but not where it resulted in postponement of sentence for further consideration. In the latter, the matter is still pending actually or theoretically for the imposition of a sentence. The respondent's case is not one in which there was a postponement of sentence. On the contrary, sentence was imposed on August 23, 1957, and the respondent was committed to the custody of the Attorney Genera or his authorized representative until discharged by the Youth Cor rection Division. Hence, it is clear that in this respect the respond ent's case differs from one in which a conviction was not final be cause of contemplated further action of the court. Here, the cou imposed sentence on the respondent; there was no further action fo the court to take in the future; and the question of the respondent confinement, treatment, and discharge were entirely matters for th Youth Correction Division.

518

We consider it appropriate to state also that a basic distinction exists between the procedure concerning juvenile delinquency (chapter 403, Title 18, U.S.C.) and the procedure under the Federal Youth Corrections Act (chapter 402). In the former, there is no trial by jury, no criminal prosecution can be instituted for the alleged violation of law (18 U.S.C. 5032), and the court does not find the juvenile guilty of the offense but only of being a delinquent. Where the offender is over 18, the trial proceeds in the regular manner. When there has been a judgment on a verdict or finding of guilty, the provisions of the Federal Youth Corrections Act may be invoked if the offender was under the age of 22 years at the time of conviction. Hence, there is an actual conviction for the offense and not merely a finding of delinquency.

In view of the foregoing, we hold that this respondent is deportable on the basis of the two convictions mentioned above. For the reasons stated by the special inquiry officer, we agree that the respondent is not statutorily eligible for voluntary departure. Accordingly, the special inquiry officer's action is approved.

**Order:** It is ordered that the special inquiry officer's order directing deportation be and the same is hereby approved.